\  IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WILLIAM AREVALO, # 145950**                                                                                   **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 4:13CV119-HTW-LRA**

**MANAGEMENT AND TRAINING
CORPORATION, et al.**                                                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DISMISSING MDOC

BEFORE THE COURT is *pro se* plaintiff William Arevalo's Complaint [1]. He is incarcerated with the Mississippi Department of Corrections ("MDOC") and brings this action challenging the conditions of his confinement. The court has considered and liberally construed the pleadings. For the reasons set forth below, defendant MDOC is dismissed.

### BACKGROUND

According to the pleadings, certain defendants allegedly conspired to knowingly and falsely charge Arevalo with possession of a cell phone, in order to move him off of the pod. He alleges that this was done in violation of equal protection, due process, and in retaliation. Once in the new cell, he alleges that he was subjected to inhumane living conditions. Among others, he sues MDOC for damages and injunctive relief.

### DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the

authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  The court has permitted Arevalo to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Arevalo sues MDOC for damages and injunctive relief under Section 1983 and, construed liberally, the Mississippi Tort Claims Act.

S<small>ECTION</small> 1983

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Title 42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12,

2006). Therefore, the Section 1983 claims against MDOC are dismissed.

"Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). "To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). Liberally construed, Arevalo sues the remaining defendants in their official capacity.

MTCA

To the extent MDOC is sued under the Mississippi Tort Claims Act, these claims are likewise dismissed. The Act does not waive the State's Eleventh Amendment immunity "from suit in federal court." Miss. Code Ann. § 11-46-5(4). Therefore, MDOC is dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the Section 1983 claims against defendant Mississippi Department of Corrections should be and are hereby **DISMISSED WITH PREJUDICE**, and the State law claims against this defendant are **DISMISSED WITHOUT PREJUDICE**. The case will proceed against the remaining defendants.

**SO ORDERED**, this the 9th day of September, 2013.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE
