UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIAM AREVALO                                                                                          PLAINTIFF

V.                                                                         CIVIL ACTION NO. 3:13-cv-1032-LRA

M.T.C., ET AL.                                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion for Summary Judgment filed by Defendants Butler, M.T.C., Mason, Smith and Windham [35].[1] Having considered the record in this matter, the undersigned recommends that Defendants' motion be granted and that the Complaint be dismissed for the following reasons.

## I. Background

Plaintiff filed this lawsuit *pro se* and pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement at the East Mississippi Correctional Facility (EMCF). The Court held an omnibus or *Spears* hearing in this matter on April 16, 2014, at which Plaintiff was afforded the opportunity to fully explain his claim.[2] At the hearing, all parties consented to the

---

[1] Defendants Poplar and Young were never served with process and Plaintiff was so notified. [35-2] at 6. Plaintiff having failed to provide addresses to the Court for these Defendants, the Court dismisses the claims against Defendants Poplar and Young without prejudice for failure to comply with Fed. R. Civ. P. 4(m).

Defendant Graham died after this case was filed. Counsel for Defendant Graham filed a Suggestion of Death [33] and Plaintiff responded. [34]. The Court construes Plaintiff's response, which indicates that he did not seek monetary damages from Defendant Graham but only wanted her to have to perform community service, as indicating that he does not intend to pursue any claim against any estate that might be opened. Accordingly, the claims against Defendant Graham are dismissed with prejudice.

[2] *See Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985).

undersigned deciding this case in its entirety. [30].

Plaintiff filed the instant action on July 22, 2013, alleging that he was falsely accused of being in possession of a cell phone. The cell phone was found during a cell search on March 12, 2013, by Defendant Mason. [1]. Plaintiff claims Defendants knew that Plaintiff was not living in the cell in which the phone was found because that cell was already occupied when assigned to Plaintiff. Plaintiff alleges that he was living in another cell and Defendants knew that as well because they actually removed him from that cell to search it. Plaintiff claims that during the search of the cell he was actually in, Defendant Mason threw away some of Plaintiff's personal property and made racially derogatory remarks toward Plaintiff based on his Hispanic origin. [1], [35-2] at 8-10.

Plaintiff alleges that though he did not receive a rules violation or RVR for the cell phone [35-2] at 12-14,[3] and did not receive a hearing in connection with the incident, he was nonetheless placed in solitary confinement, in a cell without a working toilet or lights. Plaintiff claims to have been forced to use plastic bags instead of a toilet for one month. Plaintiff claims that the cell was without lights for approximately two months. Additionally, Plaintiff alleges that because the cell was unsanitary, he developed a fungus which cost him some toenails and fingernails. Finally, Plaintiff claims that his asthma was aggravated by the smoke from fires started by other inmates.

Defendant Management & Training Corporation (M.T.C.) operated EMCF during the relevant time period and Defendants Butler, Mason, Smith, and Windham were employed by

---

[3]In his complaint, Plaintiff alleges that he did get an RVR for the cell phone, but it was taken back. [1] at 8.

M.T.C., assigned to EMCF. Plaintiff contends that Defendant Mason destroyed his property and conspired with other Defendants to charge him with a crime he did not commit. Plaintiff claims that Defendants Smith and Windham wrongfully had him re-assigned after the cell phone was found without giving him a hearing. Plaintiff alleges that Defendant Butler did not properly process his grievance regarding the search. Plaintiff asserts that M.T.C. should be held liable for the actions of the other Defendants and the facility conditions.

## II.  Exhaustion

Defendants moved to dismiss this lawsuit because, *inter alia*, Plaintiff failed to comply with available administrative remedies before filing suit. [35]. As Defendants point out, the applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the

administrative process, such as money damages. *Id.*

It is undisputed that EMCF had a grievance procedure and that Plaintiff utilized it. In support of their motion, Defendants filed the affidavit of Rebecca Naidow, Administrative Remedy Program (ARP) Coordinator at EMCF, detailing Plaintiff's grievances while at EMCF [35-1.] Though Plaintiff had previously filed grievances which were accepted, apparently one grievance was not accepted, according to a letter dated June 5, 2013, [1] at 31, because it concerned more than one complaint. Plaintiff subsequently submitted a grievance dated July 10, 2013, regarding the smoke from fires set by other inmates causing his asthma to worsen. [35-1] at 26. Plaintiff received a first step response to the smoke grievance on September 6, 2013, after this lawsuit was filed. [35-1] at 22. According to Naidow, no grievances were accepted regarding any of the other matters raised in the Complaint. [35-1].

In response to Defendants' Motion, Plaintiff produced copies of a grievance regarding the majority of the matters raised in the complaint. [37-1] at 11-14. This grievance, signed by Plaintiff on March 20, 2013, was stamped as received by EMCF in March, 2013. Handwritten documents filed by Plaintiff in response to the Motion reflect that Plaintiff re-submitted the grievance on May 8, 2013, [37] at 15-16, after not getting a response. However, the June 5, 2013 letter referenced *supra,* appears to indicate that the grievance was not accepted due to the fact that it referenced multiple complaints. [37] at 6, 10. The first two sentences of the grievance read: "First of all, I respectfully want to point out that this is not a multiple complaint A.R.P. In fact it is the single issue that did cause the rest of the incidents." [37] at 11, 13. Clearly Plaintiff understood that his grievance was likely to be rejected yet chose not to present separate grievances. As noted *supra,* Defendants have presented evidence that the only grievance

accepted after the June 5, 2013 rejection concerned smoke. The smoke grievance was not exhausted until after suit was filed.

Naidow's Affidavit specifically states that:

> Based on my review of the ARP files at EMCF and the grievance reports contained on the MDOC Offendertrak database, Offender Arevalo has not had any ARP requests accepted into the ARP process regarding his reassignment to a different housing unit in long-term segregation at EMCF due to receiving an RVR for possession of a cell phone.
>
> [] Offender Arevalo also has not had any ARP requests accepted into the ARP process complaining about Lt. Mason destroying his personal property or making racially derogatory remarks about him.

[35-1] at 3. Plaintiff has not provided any evidence to the contrary.

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court again confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court." The PLRA governs Plaintiff's claims. Accordingly, he was required to complete the EMCF's grievance procedure in its entirety before filing suit under Section 1983. The Fifth Circuit has confirmed that the "pre-filing exhaustion of prisoner grievance processes is mandatory," and that "district courts have no discretion to excuse a prisoner's failure to properly exhaust." *Gonzalez v. Seal,* 702 F.3d 785, 788 (5th Cir. 2012) (per curiam); *see also Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012).

The *Gonzalez* Court specifically stated:

> ... District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez*, 702 F.3d at 788 (*emphasis added*).

Plaintiff's claim that Defendants improperly processed his grievance does not excuse his failure to exhaust. *Taylor v. Burns*, 371 Fed. Appx. 479, 481 (5th Cir. 2010)("Even if the relief [Plaintiff] sought was unavailable . . . as a result of the way in which his grievance was processed, he is not excused from the exhaustion requirement."). Plaintiff did not exhaust his administrative remedies before filing this lawsuit, and the Court has no choice but to dismiss his Complaint.

### III.  Conclusion

Because the record reflects that Plaintiff failed to exhaust, the Court concludes that it is unnecessary to address the merits of Plaintiff's claims.

Based on the foregoing, Defendants' Motion for Summary Judgment [35], is granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

Defendants' Motion for Summary Judgment [35] is hereby **GRANTED**.

IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice, except as to the claims against Defendant Graham which are dismissed with prejudice, and a separate Final Judgment in favor of all Defendants shall be entered on this date.

SO ORDERED, this the 3rd day of November, 2014.

                                           /s/ Linda R. Anderson
                                           UNITED STATES MAGISTRATE JUDGE